[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11429
Non-Argument Calendar
_____

D.C. Docket No. 1:20-cv-00034-AW-GRJ


RONALD SATISH EMRIT,

                                                        Plaintiff-Appellant,

versus

SECRETARY, UNITED STATES DEPARTMENT OF EDUCATION,
DEFAULT RESOLUTION GROUP,
NELNET,
ACTION FINANCIAL SERVICES,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 7, 2020)

Before ROSENBAUM, JILL PRYOR, and BRASHER,  Circuit Judges.

PER CURIAM:

Ronald S. Emrit, proceeding *pro se*, appeals the *sua sponte* dismissal of his 42 U.S.C. § 1983 action, alleging constitutional and statutory violations arising out of his student loans having been placed in default, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as an abuse of the judicial process and for improper venue. On appeal, Emrit argues that the district court abused its discretion in dismissing his complaint because he is not a vexatious filer, but instead, a zealous advocate. After careful review, we affirm.

## I.    BACKGROUND

Emrit filed a *pro se* complaint against Betsy DeVos, the Secretary of the United States Department of Education; Default Resolution Group; Nelnet; and Action Financial Services (collectively, the "defendants"), pursuant to 42 U.S.C. § 1983, alleging violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

Emrit invoked diversity jurisdiction, alleging that the defendants are residents of Washington, D.C. (Secretary DeVos, Department of Education); Greenville, Texas (Default Resolution Group); Lincoln, Nebraska (Nelnet); and either Central Point or Medford, Oregon (Action Financial Services). Emrit claimed his residence was Sarasota, Florida, and that he was filing the complaint in the three district courts in Florida because he attended Saint Thomas University School of Law in Miami Gardens and took the bar exam in Florida.

2

Emrit generally alleged various constitutional and statutory violations as a result of his student loans being placed in default, causing a 15% garnishment of his Social Security disability checks. Emrit alleged that the garnishment amounted to (1) breach of contract; (2) violation of his equal-protection rights under the Fifth and Fourteenth Amendments; (3) violation of his due-process rights under the Fifth and Fourteenth Amendments; (4) violation of the Privileges and Immunities Clause; (5) violation of 42 U.S.C. § 1983; (6) violation of Title VII of the Civil Rights Act of 1964; (7) violation of the Americans with Disabilities Act; (8) negligence; (9) intentional infliction of emotional distress; and (10) tortious interference of privacy. Emrit sought to proceed *in forma pauperis* ("IFP").

The magistrate judge issued a report and recommendation ("R&R") granting Emrit leave to proceed IFP and recommending that the complaint be dismissed as frivolous pursuant to the *sua sponte* screening provisions of 28 U.S.C. § 1915(e)(2)(B)(i). The magistrate judge noted that this was Emrit's fourth lawsuit filed in the Northern District of Florida, he had been recognized as a serial *pro se* filer of frivolous complaints in federal court, he had filed 260 *pro se* civil cases in federal courts across the country, and he had filed this case simultaneously in seven other districts. The magistrate judge found that it was improper and an abuse of the judicial process to pursue identical claims in multiple jurisdictions.

3

The magistrate judge agreed with the reasoning of a magistrate judge in the Southern District of Texas, where Emrit filed an identical pleading, noting that his claims should be dismissed as conclusory and frivolous.  The magistrate judge quoted the analysis of the Southern District of Texas that Emrit did not identify a contract that was breached, did not connect his race to the garnishment of his disability checks or to his Title VII claim, and did not connect his factual allegations to the elements of his tort claims, and that Emrit's claim that his disability precludes garnishment was foreclosed by Supreme Court precedent.

The magistrate judge also found that Emrit failed to establish that the Northern District of Florida was the proper venue for his case.  The magistrate judge found that Emrit failed to allege that any of the defendants would be subject to personal jurisdiction in the Northern District of Florida, and that the Middle District of Florida might be the proper venue instead given Emrit's claim of residency in Sarasota, Florida.  The magistrate judge acknowledged that under 28 U.S.C. § 1404(a) it could transfer the case to the Middle District of Florida in the interest of justice, but it declined to do so "in view of the patent frivolity of Plaintiff's claims."

Emrit filed a "Notice of Appeal" from the R&R.  In his Notice of Appeal, Emrit argued that his lawsuit was not frivolous because his credit score had been hurt due to his defaulted loans and he had been homeless because of the garnishment of his disability checks.  Emrit further argued that his "national lawsuits" against a

4

litany of other parties (none of which are part of this current lawsuit) were not frivolous because the defendants in those suits had all undertaken some activity that had negatively impacted him financially.

Construing Emrit's Notice of Appeal as objections to the R&R, the district court conducted a *de novo* review of the issues and adopted the R&R, granted Emrit IFP status, and dismissed his complaint as frivolous for the reasons set forth by the magistrate judge in the R&R.

## II.    LEGAL STANDARD

We review a district court's *sua sponte* dismissal of a claim as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) is appropriate where the complaint alleges legal theories that are without arguable merit either in law or fact. *Id.* 28 U.S.C. § 1915, which governs *in forma pauperis* proceedings, provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal - (i) is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).

A plaintiff ordinarily should get one opportunity to amend his complaint before dismissal with prejudice. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). Amendment need not be granted, however, if the complaint would still be subject to dismissal. *Id.*

For *pro se* plaintiffs, courts are to liberally construe their pleadings and hold them to a less stringent standard than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Notwithstanding this relaxed standard, a party must still "specifically and clearly" identify all issues on appeal. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). "[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). A party fails to adequately brief a claim when he does not plainly and prominently raise it. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). "To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Id.* at 680.

## III.   ANALYSIS

Here, at the outset, Emrit has abandoned any appellate challenge to the multiple, independent grounds for the district court's judgment because he failed to address them in his brief. While Emrit asserts in his brief that he is a zealous advocate, rather than a vexatious filer, he makes no argument that his claims are not conclusory and frivolous or that it was not an abuse of the judicial process to pursue identical claims in eight different jurisdictions. Emrit also completely fails to address the issue of improper venue in his brief, nor does he argue that the district court should have transferred his case to the Middle District of Florida. Emrit uses

the remainder of his brief to discuss issues unrelated to the present case, such as his relationships with numerous friends and acquaintances, his educational, medical, and work histories, and various claims against other parties. Because Emrit has abandoned any challenge to the multiple, independent grounds for the district court's judgment by failing to address those issues on appeal, it follows that the judgment is due to be affirmed. *See Sapuppo*, 739 F.3d at 680.

Even if Emrit did not abandon his challenge to the grounds of the district court's judgment, the district court did not err in *sua sponte* dismissing his claims as frivolous. "A claim is frivolous if it is made without arguable merit in either law or fact." *Bilal*, 251 F.3d at 1349. "[B]ecause district judges remain more familiar with and are more experienced to recognize potentially frivolous claims . . . [a] determination of frivolity is best left to the district court." *Id.* Nevertheless, this Court can consider a "litigant's history of bringing unmeritorious litigation" when analyzing the question of frivolousness. *Id.* at 1350.

Emrit identifies several claims but is unable to establish a connection between the factual allegations in his complaint and any of the necessary elements of those claims. Even construing his pleading liberally, his claims lack merit in either fact or law. *See id.* at 1349. As the magistrate judge stated, Emrit's allegations were conclusory and lacked any legal basis for the claims. He also filed this case simultaneously in multiple districts, thus abusing the judicial process. Although

7

Emrit disputes that he is a "vexatious filer," his multiple simultaneous and identical filings belie that argument, as do his filings of some 260 *pro se* civil cases in federal courts across the country.  Accordingly, the district court did not abuse its discretion in dismissing Emrit's complaint as frivolous and malicious under § 1915(e)(2)(B)(i).

Finally, because Emrit's claims were frivolous and an abuse of judicial process, the district court appropriately declined to transfer this case to a different venue.  The district court similarly did not err in not granting Emrit leave to amend, since his amended pleading would still be subject to dismissal.  *Corsello*, 428 F.3d at 1014.

For these reasons, we affirm the dismissal of Emrit's complaint.

**AFFIRMED**.

8